UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID OLIVER THOMAS,

     Plaintiff,

v.                                  Case No: 8:16-cv-2029-T-36MAP

CITY OF LAKELAND,

     Defendant.

_____/

## **O R D E R**

This matter comes before the Court upon the Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 19), Plaintiff's response in opposition (Doc. 23), Plaintiff's Motion to Deny Defendant's Motion to Dismiss Plaintiff's Amended Pleadings (Doc. 22), Plaintiff's Motion to File Amended Pleadings (Doc. 21), Defendant's response in opposition (Doc. 25), Plaintiff's Petition for Declaratory Judgment as to the Identity of the Person Cited and Fined by the City of Lakeland Code Enforcement (Doc. 24), Defendant's Motion to Dismiss Plaintiff's Petition for Declaratory Judgment (Doc. 30), Plaintiff's response in opposition (Doc. 31), and Plaintiff's Motion for Hearing (Doc. 28). In Defendant's Motion to Dismiss Plaintiff's Amended Complaint, Defendant contends that Plaintiff's claims are barred by both *res judicata* and the expiration of the statute of limitations, and otherwise fail to state a claim upon which relief can be granted. The Court, having considered the motions and being fully advised in the premises, will grant Defendant's motions, deny Plaintiff's motions and dismiss this action.

     I.    **STATEMENT OF FACTS**[1]

_____

[1] The following statement of facts is derived from the Amended Complaint (Doc. 14), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss.

In his Amended Complaint, Plaintiff asserts eight separate causes of action, all of which are premised on the same event. On October 14, 2005, the City of Lakeland (the "City") issued a code enforcement citation against Plaintiff. Doc. 14 at ¶ 3. On March 10, 2006, after Plaintiff failed to correct the issue that was the basis of the citation[2], the City imposed a fine. *Id*. at ¶ 4. On March 28, 2006, the City recorded the order imposing the fine in the public records of Polk County and on March 29, 2007 it recorded the order by the Code Enforcement Board (collectively the "Orders") (the citation, fine, and Orders are collectively referred to as the "Code Enforcement Action"). *Id*. at ¶ 7, Ex. 2.

Plaintiff alleges that the Orders constitute a lien on his homestead property in violation of the Florida Constitution, specifically Article I, sections 2, 9, 12, 17, 18, 19, 23, Article VII, section 5(a), Article VIII, section 2(b), and Article X, section 4. *Id*. at ¶ 7. Plaintiff further alleges that the "lien" caused him injury because it created a cloud on his "name, persons, estate and standing in the community." *Id*. at ¶ 8. Plaintiff brings claims under 42 U.S.C. § 1983 and asserts that the citations and orders violated his rights under the United States Constitution Amendments I, IV, V, VIII, XIII, and XIV. *Id*. at ¶ 7. The crux of Plaintiff's grievances is that the orders create a "lien" against his homestead property by virtue of being recorded in the public records of Polk County and the fines are excessive ($50 a day until he remedies the violation). *Id*. at 26, 30, Ex. 1.

Plaintiff filed an action in the Tenth Judicial Circuit, in and for Polk County, Florida, Case No. 2007-CA-1407 (the "State Court Action") challenging the same Code Enforcement Action that is the subject of this lawsuit. *Id*. at ¶ 20. The Circuit Court dismissed the case with prejudice.

---

*Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

[2] The City issued a citation against Plaintiff for building an addition to his home without a permit. Doc. 14, Ex. 1.

*Id.* Plaintiff alleges that he filed that case within the timeframe of the statute of limitations per Florida Statute § 95.11(3)(j).

Plaintiff's first cause of action is for compensatory damages for the cloud placed on "his name, his estate, and his standing in the community." His second cause of action alleges that "the accrual of the alleged orders' constructive fraudulent fines in the liens" which "consume and exceed his entire estate" violate Article I, sections 2, 9, and 17 of the Florida Constitution and Amendments V, VIII, XIII, and XIV of the U.S. Constitution. Doc. 14 at ¶ 34. Plaintiff's third, fourth, fifth, sixth, and seventh causes of action each allege an "unconstitutional invasion of privacy" and violation of his property rights caused by the Code Enforcement Action. *Id.* at ¶¶ 35-40. In his eighth cause of action, Plaintiff alleges that the code enforcement hearing did not meet the standards of "substantive [d]ue [p]rocess." *Id.* at ¶ 41. Plaintiff demands damages in various amounts including $5,418,720, *id.* at 22, $564,450, *id.* at ¶ 45, and $509.700, *id.* at ¶ 46.

## II.   LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court,

however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

"At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that [p]laintiffs can prove no set of facts that toll the statute." *Lindley v. City of Birmingham, Ala.,* 515 Fed. Appx. 813, 815 (11th Cir. 2013) (quoting *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n.13 (11th Cir. 2005)). The statute of limitations is an affirmative defense, and plaintiffs are not required to negate an affirmative defense in their complaint. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). A defendant has the initial burden to demonstrate that the statute of limitations defense is applicable, and then the burden shifts to plaintiff to demonstrate that tolling or an exception applies." *Blue Cross and Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1552 n.13 (11th Cir. 1990)).

When, as here, documents are attached as exhibits to a pleading those documents are considered a part of the pleading for all purposes. *See* Fed. R. Civ. P. 10(c). If there is a conflict between the complaint and the supporting documents, the information contained in the supporting documents controls. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). And the Court may "take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment[,]" when documents are public records that were " 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'" *Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010)(citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)).

Because the Plaintiff is *pro se*, the Court will hold his pleadings to a "less stringent standard" than that of a licensed attorney and will construe his allegations liberally. *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

### III.     DISCUSSION

#### a.  The Amended Complaint is a Shotgun Pleading

In addition to the requirement that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," a party's claims must be "limited as far as practicable to a single set of circumstances . . . [and] must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). Failure to comply with these rules may result in a shotgun pleading. Shotgun pleadings "incorporate every antecedent allegation by reference into each subsequent claim for relief." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). "A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.' " *Lampkin-Asam v. Volusia County School Bd.*, 261 Fed. Appx. 274, 277 (11th Cir. 2008). Complaints that are "disjointed, repetitive, disorganized and barely comprehensible" also constitute shotgun pleadings. *Id.* at 276.     In   the event of a shotgun pleading, the court should strike or dismiss the complaint and instruct Plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 995, 984 (11th Cir. 2008).

Here, the Amended Complaint contains eight counts, some of which are unrelated to one another. Many counts, however, incorporate the preceding allegations by reference. *See*, *e.g.*, Doc. 14 at ¶ 40. As a result, the counts are vague, repetitive, and contain factually irrelevant information. Therefore, the Amended Complaint is defective, as it is an impermissible shotgun pleading.

### b. The City's Motion to Dismiss

The City argues that Plaintiff makes vague assertions that it violated his substantive due process rights and invaded his privacy without alleging any specific facts that demonstrate that the City violated any of his constitutionally protected rights. It argues this is reason alone to dismiss the case. And because Plaintiff acknowledges that he filed a lawsuit premised on the same Code Enforcement Action which the state court dismissed, the City contends that *res judicata* bars Plaintiff's claims. Last, it argues that the statute of limitations bars all of Plaintiff's claims given that the latest act in the Code Enforcement Action, the March 29, 2007 recording, occurred more than four years ago. The City requests dismissal with prejudice on these bases.

Plaintiff's response in opposition to the motion to dismiss, to the extent the Court can decipher the arguments, asserts that the City cited no law in support of its requirement to obtain a permit in his case.[3] He also argues that because no commerce was involved when he performed the improvements on the home personally, there was no need for a permit. He tacitly admits that the judge in the State Court Action decided the case on its merits when he states in his response that "the State's dismissal was for not having an 'objective reasonable doubt' or rights to warrant a Declaratory Judgment… [t]he petition was not 'ruled against' it was denied." Doc. 22 at 3. He argues that he is entitled to "relief from judgment' pursuant to Florida Rules of Civil Procedure 1.540.[4] He also attempts to clarify his invasion of privacy claim. Although he acknowledges that

---

[3] The City clearly states that it was proceeding under Florida Statutes § 553.79(1)(a), *see* Doc. 11 at 60; and Chapter 1, Ordinance 104.1 Section 104, *see* Doc. 14 at 28.

[4] This relief is reserved for state court. *See Florida Evergreen Foliage v. E.I. Dupont De Nemours and Co.*, 336 F. Supp. 2d 1239, 1272 (S.D. Fla. 2004), *aff'd*, 470 F.3d 1036 (11th Cir. 2006) ("[I]n no case has a Florida court allowed a cause of action for fraud on the court under Rule 1.540 in a court that is different from the one in which the fraud was committed.").

the "false light privacy tort" is not recognized in Florida, he argues that one of the three other types of privacy torts may apply. Doc. 22 at 10. Essentially Plaintiff argues that the coercive nature of the Code Enforcement Action will require a city inspector to enter his home and gain access to details of his home life, which he considers a violation of his privacy. *Id*. at 11. And he argues that the lien is an illegal tax pursuant to Art. VIII § 2 of the Florida Constitution.

### i. *Res judicata* bars Plaintiff's claims

Defendant first argues that this claim is barred by the doctrine of *res judicata* because it is almost identical to the State Court Action which alleged violations of due process and requested a declaratory judgment. The purpose of the *res judicata* doctrine is that the "full and fair opportunity to litigate protects [a party's] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Ragsdale v. Rubbermaid, Inc.,* 193 F.3d 1235, 1238 (11th Cir. 1999) (quoting *Montana v. U.S.,* 440 U.S. 147 (1979)). "*Res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Id*. "[A] claim will be barred by prior litigation if all four of the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Id*.

The first element is met here because "dismissal with prejudice operates as a judgment on the merits unless the court specifies otherwise." *Deutsche Bank Nat'l Tr. Co. v. Foxx*, 971 F. Supp. 2d 1106, 1113 (M.D. Fla. 2013) (citing *Hart v. Yamaha- Parts Distributors, Inc.,* 787 F.2d 1468, 1470 (11th Cir. 1986)). The order dismissing the State Court Action clearly states that Plaintiff's allegations did not allege the type of doubt necessary to support a declaratory judgment, because

the law was clear that the City could pass laws, regulate real property generally, and regulate an individuals' use of his real property. Doc. 11 at 86. The Court expressly dismissed the case with prejudice. *Id.* Second, it is undisputed that the dismissal decision was rendered by a court of competent jurisdiction, the Polk County Circuit Court. Third, Plaintiff and the City are parties in both cases. As to the sameness of the causes of action,

> In the Eleventh Circuit, the principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case. In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form. It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same claim or cause of action for purposes of *res judicata.*

*Ragsdale,* 193 F.3d at 1239 (internal citations and quotation marks omitted).

In his State Court Action, Plaintiff alleged that "the administrative agency of the City of Lakeland does not have the jurisdiction to impose or file liens outside the parameters of Article X, Section 2 *et seq.,* of the Florida Constitution." Doc. 11 at 9, ¶ 3. He also asserted that "there is no provision in the Florida Constitution for administrative agencies to impose sanctions against life or property without law and due process of law pursuant to Article 1, Section 9 and 18 of the Florida [S]tate Constitution." *Id.* at 4, ¶ 14. The subject of the State Court Action was Plaintiff's "rights, including right to property, pertaining to the [Plaintiff's] domiciled homesteaded non-public private property …1703 Camphor Dr. Lakeland, Florida 33803." *Id.* at 11, ¶ 16. The state court complaint goes on to discuss the Code Enforcement Action. *Id.* at 19-21. In the State Court Action, Plaintiff alleged that the hearing officer ignored "the constitutional issues raised …during the Code Enforcement Hearing on or about March 10, 2006." *Id.* at 13, ¶ 24. Plaintiff asserted that "as a Florida citizen, [he] hereby claims all rights secured and protected by the Florida Constitution and the laws made in pursuance thereof[.]" *Id.* at 14 ¶ 31. He also alleged that the defendants in

that case filed a lien against his property for failure to obtain a proper permit for the repair and use of his home and he references the recorded orders. *Id*. at 17, ¶ 43-33. He goes on to discuss violations of other provisions of the Florida Constitution, and how the Code Enforcement Action was not in conformity with it. *See generally id*. at 14-22.

The Court has taken judicial notice of the pleadings in the State Court Action, *see* Doc. 11[5]; and the transcript of the hearing on the Defendants' motions to dismiss and Plaintiff's motion for judgment on the pleadings. Doc. 11 at 81-86; Doc. 14 at 72-112. *See Horne*, 392 Fed. Appx. at 802 (holding that review of *pro se* litigants pleadings from another related case is appropriate when considering the defendant's motion to dismiss). The State Court Action clearly reveals that the state judge addressed the substantive merits of Plaintiff's claims in that case. Plaintiff either raised or could have raised the same legal claims he raises here. Therefore, *res judicata* bars the Plaintiff's claims. The state court allegations are essentially the same ones Plaintiff brings in this case, they arise out of the same nucleus of operative fact, and are based on the same factual predicate, the Code Enforcement Action. The two cases are really the same "claim" or "cause of action" for purposes of *res judicata*. And although Plaintiff limited the State Court Action to claims under Florida law, he could have brought the federal constitutional claims he raises in this case. He does not allege a new set of facts to base his federal claims on so they too are barred by the doctrine of *res judicata*. *See Maldonado v. U.S. Atty. Gen*., 664 F.3d 1369, 1376 (11th Cir. 2011) ("*Res judicata* acts as a bar 'not only to the precise legal theory presented in the previous litigation,

---

[5] The Defendant attached the State Court Action's court docket, Plaintiff's First Amended Petition and Demand for Declaratory Judgment, Amended Motion to Dismiss First Amended Petition and Demand for Declaratory Judgment, and Order Granting City of Lakeland's Amended Motion to Dismiss Petitioner's First Amended Petition and Demand for Declaratory Judgment.

but to all legal theories and claims arising out of the same operative nucleus of fact.") (internal quotation marks omitted).

### ii. The statute of limitations bars Plaintiff's claims

Defendant argues that the limitations period for Plaintiff's claims have expired. In deciding whether a plaintiff's claim for violation of his federal constitutional rights under 42 U.S.C. § 1983 is timely, the Court resolves the length of the Plaintiff's statute of limitations by looking at state law. *Wallace v. Kato*, 549 U.S. 384, 387, (2007); *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). The Supreme Court clarified that when a state has several statutes of limitation for its personal injury actions, such as Florida, courts should borrow the residual personal injury statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 249–50, (1989) ("We accordingly hold that where state law provides multiple statutes of limitations for personal injury actions, courts considering a § 1983 claim should borrow the general or residual statute for personal injury actions."). Therefore, Plaintiff's § 1983 claims are governed by the residual personal injury statute of limitations, which permits an action to be brought four years from the date of accrual. Fla. Stat. § 95.11(3)(p)[6]; *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n. 2 (11th Cir. 2002).

Although the statute of limitations in a § 1983 claim is governed by Florida's statute of limitations, the date of accrual of a cause of action is governed by federal law. *See Wallace,* 549 U.S. at 388*; Kelly v. Serna*, 87 F.3d 1235, 1238–39 (11th Cir. 1996). The statute of limitations "does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987).

---

[6] The Florida statute of limitations as to claims based on fraud, and claims for intentional torts, and any other claim not specifically covered by the statute is also four years. Fla. Stat. § 95.11(3)(j), (o), and (p).

Based on a liberal reading of Plaintiff's claim, it is clear that the facts which would support these causes of action became apparent to him, at the latest, when he filed the State Court Action on March 14, 2007. Doc. 11 at 5. Plaintiff alleged the same core facts, and although he brought claims under state law only, he makes the same basic arguments in this case in support of the federal law claims. He was also aware of all aspects of the Code Enforcement Action when he filed the State Court Action. He filed this action on July 15, 2016, over nine years after filing the State Court Action. At the latest, the filing of the State Court Action was the accrual date, and Plaintiff clearly was aware of the facts necessary to bring all of his current claims at that time. Accordingly, Plaintiff's claims under § 1983 are barred by the statute of limitations. [7]

The City also argues that Plaintiff's claims for violation of the First, Fourth, and Eighth Amendments, substantive due process, and for invasion of privacy fail as a matter of law. The Court need not address the remaining arguments raised by the City under Rule 12(b)(6). Since the Court has concluded that *res judicata* and the statute of limitations, both, bar Plaintiff's claims, the Court need not address the merits of his causes of action. Therefore, the Court will grant Defendant's motion to dismiss and dismiss Plaintiff's Amended Complaint with prejudice.

---

[7] Although not addressed by either party, the Court notes that the continuing tort doctrine does not apply in this case, as the daily $50 fine is not a continuation of the alleged tort, but rather a continuation of damages as a result of the Citation Enforcement Action. *See Suarez v. City of Tampa*, 987 So. 2d 681, 686 (Fla. 2d DCA 2008) ("When a defendant's damage-causing act is completed, the existence of continuing damages to a plaintiff, even progressively worsening damages, does not present successive causes of action accruing because of a continuing tort."). *See also Yohanan v. City of Ft. Lauderdale*, 15-60731-CIV, 2016 WL 5001230, at *4 (S.D. Fla. Jan. 15, 2016) (citing *National Parks and Conservation Association, Inc. v. Tennessee Valley Authority*, 502 F.3d 1316, 1322 (11th Cir. 2007) ("The fact that the fines against Yohanan for the code violation continue to accrue does not change the fact that the alleged constitutional violation …occurred more than four years before Yohanan filed this action.").

### c. Plaintiff's Motion to Deny Defendant's Motion to Dismiss

This motion is read liberally as part of Plaintiff's response in opposition to the City's motion to dismiss. For the reasons stated above, the Court will deny this motion.

### d. Plaintiff's Motion for Leave to Amend

Plaintiff requests leave to file a Second Amended Complaint to correct "any simple errors that the Court may find, that are easily fixed by Citation, statement, or erasure" pursuant to Fed.R.Civ. P. 15(a)(2). Doc. 21.

In *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) the Supreme Court stated in pertinent part

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* at 182. And although Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend a pleading "shall be freely given when justice so requires[,]" futility of amendment is a proper reason to deny leave to amend. In this case, because amendment would be futile due to the application of *res judicata* and the expiration of the statute of limitations, the Court will deny leave to amend.[8]

---

[8] The Court notes that Plaintiff did not expressly invoke the doctrine of equitable tolling and none of the alleged facts support the tolling of the statute of limitations. Nonetheless, the Court concludes that a more carefully drafted complaint would not cure the pleading defects. *See Patel v. Diplomat 1419VA Hotels, LLC*, 605 Fed. Appx. 965, 966 (11th Cir. 2015).

### e. Plaintiff's Petition for Declaratory Judgment and Defendant's Motion to Dismiss Plaintiff's Petition for Declaratory Judgment

In his motion, Plaintiff seeks the identity of "the exact … Person cited and fined by the CITY OF LAKELAND, in this current case," including a determination of whether "this Person [is] a natural person, if so, who controls this natural person ... is this Person a juristic person if so, by what instrument was this person created… who controls this juristic Person, ..[i]f this Person is neither a natural person nor juristic person, then what kind of person is this person, and who controls this person?" Doc. 24 at 2. Plaintiff appears to be engaged in reasoning not adopted by any court in this country as to what constitutes a "person" for purposes of enforcement of the city ordinance at issue in his Code Enforcement Action. This is an argument the Plaintiff asserted in the State Court Action, which was unequivocally rejected by the court. *See* Doc. 14 at 102-105[9]. In any event, the case law relied upon by Plaintiff does not support the proposition that he is not a "person" as defined in the city ordinance or any other law for that matter.

Defendant argues that it appears that Plaintiff may be attempting to amend his complaint through this petition to add a claim for declaratory relief, or attempting to bring an entirely new claim for a declaratory action. Either way, Defendant argues that *res judicata* and the statute of limitations operate to bar the claim. To the extent the Plaintiff is attempting to add declaratory relief to his claim or assert a new claim for declaratory relief, the Court agrees that the claim is barred.

Plaintiff admits that the circuit court dismissed his State Court Action for not meeting the requirements for a declaratory judgment. Doc. 24 at 16. He argues, paradoxically, that the City

---

[9] Doc. 14, Ex. 5 is the Transcript of Hearing before Judge James A. Yancey, April 10, 2008, on Plaintiff's Motion for Judgment on the Pleadings and Defendants' Motions to Dismiss in the State Court Action.

acted under the "color of law" which is a violation of law. *Id*. at 17. And he otherwise provides responses in opposition to the City's various bases for dismissal, i.e. *res judicata*, failure to state a claim for procedural and substantive due process and statute of limitations. *Id*. at 18-20. He also objects to the Court's taking judicial notice of the documents filed at Doc. 11 based on Florida Rule of Civil Procedure 1.540. The Court has addressed these arguments in this Order and will not repeat its reasoning here.

Accordingly, the Plaintiff's petition is denied and Defendant's motion to dismiss the petition is granted.

### f.   Motion for Hearing

Given the Court's decision to deny the aforementioned motions, no hearing is necessary in this matter. Accordingly, Plaintiff's Motion for a Hearing is denied as moot.

## IV.   CONCLUSION

Based on a liberal reading of all of Plaintiff's allegations in his Amended Complaint, it is clear that *res judicata* bars Plaintiff's claims because he brought those claims against the City in the State Court Action and lost on the merits. The statute of limitations also bars all of Plaintiff's claims because the underlying facts in the Citation Enforcement Action occurred more than nine years before he filed this case. Plaintiff was well aware of the impact of the Citation Enforcement Action when he filed the State Court Action in 2007. Therefore, given Florida's four year limit on filing actions pursuant to § 1983, and actions alleging fraud and invasion of privacy, Plaintiff filed the claims too late. Amendment to the complaint would be futile under these facts. No hearing is therefore needed on the motions, and no declaratory judgment is forthcoming under these circumstances. The Court will dismiss this case with prejudice.

**Accordingly, it is ORDERED AND ADJUDGED**:

1.      Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 19) is **GRANTED**, as Plaintiff's claims are barred by the doctrine of *res judicata* and the statute of limitations.

2.      This case is **DISMISSED** with prejudice.

3.      Plaintiff's Motion to Deny Defendant's Motion to Dismiss Plaintiff's Amended Pleadings (Doc. 22) is **DENIED**.

4.      Plaintiff's Motion to File Amended Pleadings (Doc. 21) is **DENIED**.

5.      Plaintiff's Petition for Declaratory Judgment as to the Identity of the Person Cited and Fined by the City of Lakeland Code Enforcement (Doc. 24) is **DENIED**.

6.      Defendant's Motion to Dismiss Plaintiff's Petition for Declaratory Judgment (Doc. 30) is **GRANTED**.

7.      Plaintiff's Motion for Hearing (Doc. 28) is **DENIED** as moot.

8.      Any other pending motions are denied as moot and the Clerk is directed to close this case.

**DONE AND ORDERED** in Tampa, Florida on July 7, 2017.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any